IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSIAH D. RICHARDS,

                 Plaintiff,          Civil No. 08-817-AA

            v.                 ORDER

J. LANDE, et al.,

                 Defendants.

AIKEN, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his Eight Amendment rights while he was incarcerated in the Snake River Correctional Institution. Specifically plaintiff alleges that defendant Lande and "unknown defendants" used excessive force against him and that the other defendants failed to intervene. Plaintiff also alleges that an "unknown defendant tightened (hand)cuffs excessively" and that he "was placed in a cell in

1 - ORDER

only underwear for 4 hours" and was refused permission to use the bathroom.  Complaint (#2) p. 3-4.

Before the court are defendants' Unenumerated 12B Motion to Dismiss (for) Failure to Exhaust (#38) and Motion for Partial Summary Judgment (#30).

Motion to Dismiss (#38): Defendants move to dismiss plaintiff claims based on being left in his underwear and being denied permission to use the bathroom on the ground that plaintiff failed to exhaust his grievance remedies regarding these claims prior to filing this action against defendants.

42 U.S.C. § 1997(e)(a) requires that inmates exhaust all administrative remedies prior to filing an action under 42 U.S.C. § 1983. Woodford, et al. v. Ngo, 548 U.S. 81 (2006); Porter v. Nussle, 534 U.S. 516, 531-32 (2002);Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

A prison system's grievance requirements define the boundaries of proper exhaustion. Jones v. Bock, 127 S.Ct. 910 (2007). The Oregon Department of Corrections has a grievance system to address inmate complaints. See, Oregon Administrative Rules at 291-109-0100 - 291-109-0190.

The Affidavit of Teresa Hicks (#40) and exhibits thereto establish that although plaintiff filed grievances concerning some of his claims in this case he did not grieve the

underwear and bathroom issues.

Plaintiff's Response (#44) argues that he exhausted "his internal administrative remedies when he asserted the handcuffs issue in the grievance and grievance appeals process." Response (#44), p. 2.  However, plaintiff has not established exhaustion as to the underwear and bathroom issues or controverted defendants' evidence that he did not grieve these matters.   In his deposition, plaintiff acknowledged that he did not grieve "the underwear incident or the bathroom incident." Defendants' Memorandum in Support (#39) Exhibit 1.

Defendants' Motion to Dismiss (#39) is allowed. Plaintiff's claims based on the allegation that he was held in his underwear and denied the use of the bathroom are denied for failure to exhaust administrative remedies with respect to these claims.

Motion for partial summary judgment (#30):  Defendants "move for partial summary judgment as to all of plaintiff's claims except his claims allegations (sic) that Defendant Lande violated the Eighth Amendment when he allegedly hit plaintiff in the head, kneed plaintiff in the face, and hit plaintiff's head against a door or doorframe." Defendants' Motion for Partial Summary Judgment (#30) p. 1-2.

Plaintiff has failed to deny or in any way address the facts set forth in Defendants' Concise Statement of Facts in

Support of Motion for Summary Judgment (#32).[1]  Therefore,
pursuant to District of Oregon Local Rule 56.1(f), all of the
facts set forth in defendants' concise statement are deemed
admitted.  See also, Stacy v. Oregon Board of Parole, 05-1369-
HO, 2006 WL 2345799, *1 (D. Or. August 8, 2006) ("Defendants'
facts are deemed admitted by virtue of plaintiff's failure to
deny or controvert those facts by a separate concise
statement."); Miller v. J-M Mfg. Co., Inc. CV-05-1499-ST, 2008
WL 356932, *1 at n. 1 (D.Or. Feb 7, 2008)("The [plaintiffs]
failed to file a response in accordance with LR 56(b), and
therefore, the facts set forth in defendants' concise
statement of material facts are deemed admitted.")

Although plaintiff is proceeding pro se, the summary
judgment rules apply with equal force to pro se litigants
because they "must follow the same rules of procedure that
govern other litigants." King v. Atieyh, 814 F.2d 565, 567
(9th Cir. 1987); see also, Ghazali v. Moran, 46 F.3d 52, 54
(9th Cir. 1995) ("Although we construe pleadings liberally in
their favor, pro se litigants are bound by the rules of
procedure.")

Defendants' Concise Statement of Facts (#32) sets forth
the following relevant facts:  On March 18, 2008, Correctional

---

[1]On October 28, 2008, plaintiff was sent a "Summary Judgement
Advice Notice" (#15) which advised plaintiff of the federal summary
judgment standards and Local Rule 56.1(f).

Officers Lande, Cleverly, Hand, Garcia and Lehnerz responded
to plaintiff's cell after it was discovered that plaintiff was
attempting to damage a sprinkler.  After arriving at
plaintiff's cell, one of the defendants handcuffed plaintiff.
Defendants Lande and Cleverly then attempted to escort
plaintiff to the Disciplinary Segregation Unit Intake (DSU
Intake) area. As the officers moved plaintiff, plaintiff made
a sudden head movement and in response Officer Lande struck
plaintiff in the head.  "None of the officers at the scene
could have stopped officer Lande from hitting plaintiff
because the incident occurred so quickly."  Defendants'
Concise Statement of Facts (#32) p. 2 - #7.

    Officer Cleverly led plaintiff down the stairs and
Officer Lande followed.  On the way down the stairs, plaintiff
fell, and both he and Officer hit the ground.  Plaintiff
refused to get up off the ground until Officer Lande applied
a pain compliance technique by bending plaintiff's middle
finger backwards.  Plaintiff alleges that after he got up off
the floor, Officer Lande suddenly struck him in the face with
his knee, and later hit plaintiff's head against a door.
"Because of the sudden nature of the alleged knee strike and
hit against the door frame, none of the other officers could
have stopped Lande from taking those actions." Id., p. 3. #12.
"Officers Lehnerz, Hand, and Garcia were not in a position to

observe Lande's alleged knee strike to Plaintiff's head and battering of plaintiff's head against a door or doorframe." Id., #16. "Officer Cleverly could not have stopped Lande's strike to plaintiff's head or the alleged knee to Plaintiff's face or running of Plaintiff's head into a wall because of the sudden nature of those applications of force." Id., #17.

Plaintiff does not allege that defendants Lehnerz, Cleverly, Hand or Garcia personally participated in the use of excessive force on him.  His claims against the moving defendants are based on the allegation that they "could have and should have intervened to stop the assault" [by defendant Lande].

Plaintiff alleges:  "Multiple opportunities arose in plaintiff's case for Defendants A Lehnerz, B. Cleverly, C. Hand and D. Garcia to intercede" [in defendant Lande's alleged conduct].  Plaintiff's Response (#44) p. 2.  However, a non-moving party must aver specific facts that contradict a moving party's version of the facts to receive favorable interpretation of disputed evidence on summary judgment. Lujan v. National Wildlife Federation, 479 U.S. 871, 888 (1990).

Plaintiff's general statement that defendants had "multiple opportunities to intervene" is insufficient to rebut defendants' specific evidence to the contrary.  In his

deposition, plaintiff admitted that he does not know whether Officers Lehnerz, Garcia or Hand actually saw Lande hit his head, knee his face or hit his head against a door or doorframe. Declaration of Joseph Groshong (#33) Exhibit 1, p. 41 -42.   Furthermore, plaintiff admitted in his deposition that Officer Cleverly could not have stopped Lande's alleged blow to plaintiff's head or knee strike. Id., p. 43.

Moreover plaintiff has failed to deny or controvert defendants' statements that because of the sudden nature of Lande's alleged actions the other officers could not have prevented him from taking those actions. As noted above, plaintiff's failure to deny this contention requires that it be deemed admitted.

In summary, plaintiff has failed to present any evidence to contradict the facts set forth in defendants' Concise Statement of Facts.  Accordingly, there is no genuine issue of material facts that defendants Cleverly, Lehnerz, Garcia and Hand did not have an opportunity to intervene in the alleged use of excessive force against plaintiff and that they are entitled to judgment as a matter of law as to plaintiff's claims.

Plaintiff alleges "unknown defendant tightened cuffs excessively to the point that it pinched nerves and caused numbness."  Complaint (#2) p. 3.

The affidavits of Jeffery Lande and Ben Cleverly (#35) state that "(a)t no time during the ... incident did plaintiff complaint that his handcuffs were too tight."

Plaintiff testified at his deposition that the first person he told that his handcuffs were too tight was an unidentified nurse. Declaration of Joseph Groshong (#33) Exhibit 1, p. 39. Plaintiff further stated that his first complaint about the handcuffs was in the DSU and that none of the defendants were not present. Id., p. 46.

It is undisputed that plaintiff never complained to any of the named defendants that his handcuffs were too tight. Plaintiff admits that the first time he said anything to an SCRI employee about the tightness of the handcuffs was after defendants Lande and Cleverly left the DSU intake room, and that the other named defendants were never in the intake room. Because they were never aware that plaintiff's handcuffs were uncomfortable, defendants were not deliberately indifferent to plaintiff's condition and are entitled to judgment as a matter of law on plaintiff's handcuff claim. Smith v. Yarborough, 2008 WL 4877464, *12, CV 04-4502-DSF (C.D. Cal., Nov. 7, 2008);

Based on all of the foregoing, defendants' Motion for Partial Summary Judgment (#30) is allowed. The only remaining claims in this case are that Defendant Lande used excessive

force against plaintiff when he allegedly hit plaintiff in the head, kneed plaintiff in the face, and hit plaintiff's head against a door or doorframe.   All other claims are denied and dismissed with prejudice.

DATED this  31   day of August, 2009.


        s/ Ann Aiken
_____
Ann Aiken
United States District Judge

9 - ORDER